**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ZHANHUI XU, | No.   17-71615 |
| Petitioner, | Agency No. A201-192-403 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026[**]
Pasadena, California

Before:  TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Petitioner Zhanhui Xu, a native and citizen of the People's Republic of China,

seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

from an Immigration Judge's ("IJ") decision ordering his removal to China.  We

have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We have jurisdiction to review—with deference—the agency's changed circumstances determination because "it presents a mixed question of law and fact." *Ruiz v. Bondi*, No. 23-1095, 2025 WL 3704362, at *10 (9th Cir. Dec. 22, 2025). We deny the petition.

1. Substantial evidence supports the IJ's determination that Xu was not a credible witness.

> [A] trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements … , [and] the internal consistency of each such statement, … without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).

Here, the agency based its adverse credibility finding against Xu on multiple factors including Xu's demeanor while testifying, his responsiveness to questions, and changes, inconsistencies, and omissions in his testimony. An independent review of the record confirms that these factors were present in Xu's testimony. The IJ "established a legitimate, articulable basis to question [Xu's] credibility and offered specific, cogent reasons for disbelief as required under our law." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Thus, substantial evidence supports the IJ's adverse credibility finding.

2. Without credible testimony, Xu failed to demonstrate that he qualified for

2

an exception to the one-year deadline to file an asylum application. 8 U.S.C. § 1158(a)(2)(B), (D). Xu filed his application for asylum more than three years after entering the United States. Xu testified that his conversion to Christianity shortly before applying for asylum qualified as a changed circumstance excusing his delay. But Xu presented no evidence other than his discredited testimony demonstrating this changed circumstance. The "lack of credible testimony renders [Xu] unable to meet [his] burden" to demonstrate changed circumstances. *Kalulu v. Bondi*, 128 F.4th 1009, 1014 (9th Cir. 2024) (citing *Iman v. Barr*, 972 F.3d 1058, 1064–65 (9th Cir. 2020)). Consequently, the agency did not err in barring Xu's asylum application as untimely.

3. Without credible testimony, Xu failed to demonstrate that he qualified for withholding of removal or CAT protection. Xu denied that he suffered any past persecution in China. And absent credible testimony, the remaining record does not demonstrate a probability of future persecution. Thus, substantial evidence supports the agency's denial of withholding of removal.

To support his request for CAT relief, Xu presented a Department of State report "about the treatment of certain individuals who engaged in religious activity outside of the sanctioned churches in China." This report does not independently demonstrate that it is more likely than not that Xu would be tortured in China for being a Christian because it gives no indication that Xu would practice his faith

3

outside of the sanctioned Protestant organization. Thus, substantial evidence supports the agency's denial of CAT relief.

**PETITION DENIED.**